**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DANIELA GUACUTO PORTILLO,

      Petitioner,

v.                                                    Case No. 8:26-cv-1718-KKM-LSG

BOB GUALTIERI, in his official
Capacity as Sheriff of Pinellas
County, Florida, et al.,

      Respondents.

_____

## <u>ORDER</u>

Petitioner Daniela Guacuto Portillo is a Venezuelan national currently detained in the Pinellas County Jail. *See* Pet. (Doc. 1) ¶¶ 6–8. Portillo petitions this Court for an immediate release from custody under 28 U.S.C. § 2241, *see id.*, and moves for a temporary restraining order enjoining the government respondents "from transferring [her] outside the territorial jurisdiction of this Court or removing her from the United States while her . . . 28 U.S.C. § 2241 [petition] remains pending," Mot. (Doc. 2) at 1–2. Because Portillo fails to establish a substantial likelihood of success on the ultimate remedy that she seeks, I deny the motion for a temporary restraining order.

## I.    BACKGROUND

Portillo "entered the United States near San Luis, Arizona on or about February 23, 2022, and was not admitted or paroled after inspection by an immigration officer." Pet. ¶ 11. The Department of Homeland Security issued Portillo a Notice to Appear alleging that she is subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act because she is an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Notice to Appear (Doc. 1) at 11. Portillo is scheduled to appear for a removal hearing before an immigration judge in Orlando, Florida, on May 19, 2027. Notice of Hearing (Doc. 1) at 15.

On June 8, 2026, Portillo was involved in a traffic accident in Davenport, Florida, and called the police to report the incident. Pet. ¶¶ 16–17. According to Portillo, "officers detained her based on immigration status." *Id.* ¶¶ 21–22. Portillo is currently detained in the Pinellas County Jail. *Id.* ¶¶ 23–24. She alleges that her detention is unlawful under federal law because she "is not subject to criminal mandatory detention under INA § 236(c)." *Id.* ¶ 28. She also claims that her detention violates the Fifth Amendment. *See id.* ¶¶ 36–41. Accordingly, Portillo petitions for immediate release and moves for an order preventing the defendants from transferring her from the Middle District of

2

Florida. Notably, Portillo explicitly "does not seek a bond hearing or any alternative custody process in this action." *Id.* ¶ 42.

## II.  ANALYSIS

To obtain a temporary restraining order, Portillo must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam). Importantly, a court may issue a temporary restraining order without notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)–(B).

Additionally, emergency "injunctive relief must relate in some fashion to the relief requested in the complaint," *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005), and thus "[l]itigants are not entitled to greater temporary remedies pending litigation than they would be entitled to as the ultimate prevailing party," *Gomez v. United States*, 899 F.2d 1124, 1127

(11th Cir. 1990); *cf. De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

Here, Portillo's habeas petition "seeks immediate release" and explicitly disclaims a request for a bond hearing. Pet. ¶¶ 42–43. Because a bond hearing is—at most—all that Portillo is potentially entitled to receive under the INA, Portillo fails to show any likelihood of success on the merits. She thus improperly requests "greater temporary remedies pending litigation than [she] would be entitled to as the ultimate prevailing party." *Gomez*, 899 F.2d at 1127.

Although Portillo contends that her detention pending removal proceedings under 8 U.S.C. § 1229a is unlawful, the correct inquiry turns on whether detention is mandatory or discretionary. The Eleventh Circuit recently outlined these competing detention "pathways" in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258, 1262 (11th Cir. 2026). There, the court held that "[t]he text of [8 U.S.C.] § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Id.* at 1276. And where § 1226 applies, aliens "are generally entitled to a review of their custody determination (including whether they may be released on bond) at a hearing before an immigration judge." *Id.* at 1263 (citing 8 C.F.R.

4

§§ 1003.19(a), 1236.1(d)(1)).

Here, accepting the allegations as presented, Portillo was detained as someone "unlawfully within the interior" and thus is entitled to a bond hearing under § 1226(a), not immediate release. *See Hernandez Alvarez*, 175. F.4th at 1276; *see, e.g., Lopez Garcia v. Warden. N. Fla. Detention Ctr.*, No. 3:26-CV-1353-WWB-SJH, 2026 WL 1660386, at *1–2 (M.D. Fla. June 9, 2026) (requiring the government to hold a bond hearing before an immigration judge even though the petitioner requested "immediate release" from custody). Because Portillo makes clear that she does not seek a bond hearing, *see* Pet. ¶¶ 42–43, and offers no other explanation as to how her Fifth Amendment claim can succeed, she fails to persuade that she will succeed on the merits. More, Portillo's requested temporary relief—an injunction preventing her transfer from this District—is not "of the same character as that which may be granted finally," i.e., a bond hearing. *See De Beers Consol. Mines*, 325 U.S. at 220. This is fatal to her motion for a temporary restraining order.

Two other points related to irreparable harm support denying Portillo's motion. First, she contends that "the continued and potential physical removal of Petitioner from this District through an inter-facility transfer would frustrate this Court's habeas jurisdiction." Mot. at 7. In addition to failing to allege the risk of transfer with any specificity, Portillo is also wrong on the law. "[W]hen the Government moves a habeas petitioner after she properly files a

5

petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *see also Mendoza v. Mullin*, No. 2:26-CV-1665-KCD-KRH, 2026 WL 1392225, at *1 (M.D. Fla. May 19, 2026) ("Jurisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." (citation modified)). Second, Portillo fears "removal . . . from the United States," Mot. at 7, but fails to allege any fact showing that removal is likely or imminent, let alone that notice and an opportunity for the government to respond will exacerbate the risk of this harm, *see* FED. R. CIV. P. 65(b)(1)(A). To the contrary, Portillo has a scheduled merits hearing before an immigration judge on May 19, 2027. *See* Mot. at 3

## III.    CONCLUSION

Because Portillo fails to persuade of her likelihood of success in obtaining "immediate release" and because she seeks temporary injunctive relief beyond what she could be awarded on resolution of her habeas petition, I deny her motion for a temporary restraining order. Accordingly, it is **ORDERED:**

1.    Portillo's Motion for a Temporary Restraining Order (Doc. 2) is **DENIED.**

2. **No later than June 16, 2026**, Portillo shall serve a copy of the Petition, the Motion for a Temporary Restraining Order, and this Order on the Respondents.

3. **No later than June 22, 2026**, the Respondents shall file a response to the Petition for Writ of Habeas Corpus (Doc. 1).

**ORDERED** in Tampa, Florida, on June 13, 2026.

Kathryn Kimball Mizelle
United States District Judge

7