## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DANIELA GUACUTO PORTILLO,

      Petitioner,

v.                                                          Case No. 8:26-cv-1718-KKM-LSG

BOB GUALTIERI, in his official
capacity as Sheriff of Pinellas
County, Florida, et al.,

      Respondents.

_____

## <u>ORDER</u>

Petitioner Daniela Guacuto Portillo is a Venezuelan national currently detained by U.S. Immigrations Customs and Enforcement (ICE) in Basile, Louisiana. *See* (Doc. 15). Portillo petitions this Court for immediate release from custody under 28 U.S.C. § 2241, claiming that her detention violates the Fifth Amendment and federal immigration law. *See* Pet. (Doc. 1) ¶¶ 36–44. She "does not seek a bond hearing or any alternative custody process." *Id.* ¶ 42. The federal government respondents argue that Portillo's habeas petition must be dismissed because she is entitled *only* to a bond hearing under 8 U.S.C. § 1226(a), not release, and that she has failed to exhaust this administrative remedy. *See* Resp. (Doc. 14) at 3–4. I agree and deny the petition.

## I.   BACKGROUND

Portillo "entered the United States near San Luis, Arizona on or about February 23, 2022, and was not admitted or paroled after inspection by an immigration officer." Pet. ¶ 11. The Department of Homeland Security issued Portillo a Notice to Appear alleging that she is subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because she is an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Notice to Appear (Doc. 1) at 11. Portillo was scheduled to appear for a removal hearing before an immigration judge in Orlando, Florida, on May 19, 2027. Notice of Hearing (Doc. 1) at 15.

On June 8, 2026, Portillo was involved in a traffic accident in Davenport, Florida, and called the police to report the incident. Pet. ¶¶ 16–17. According to Portillo, "officers detained her based on immigration status," and transferred her to the Pinellas County Jail. *See id.* ¶¶ 4, 21–24. Alleging that her detention was unlawful under federal immigration law and in violation of the Fifth Amendment, Portillo petitioned this Court for immediate release and moved for an order preventing the defendants from transferring her outside of the Middle District of Florida. *Id.* ¶¶ 26–44; *see* Mot. (Doc. 2). Portillo explicitly declined to "seek a bond hearing or any alternative custody process in th[e] action." Pet. ¶ 42.

On June 13, 2026, I denied Portillo's motion for a temporary restraining order, concluding that, "[b]ecause a bond hearing is—at most—all that Portillo is potentially entitled to receive under the INA, Portillo fails to show any likelihood of success on the merits." Order (Doc. 6) at 4. Additionally, I noted that Portillo's transfer to another facility—the action she sought to enjoin— would not deprive this Court of jurisdiction. *See id.* at 5–6 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004)).

Since then, ICE has transferred Portillo to a processing center in Basile, Louisiana, and has moved her removal proceedings to a "detained docket." *See* Resp. at 2; (Doc. 14-2). Based on that transfer, respondent Bob Gualtieri, Pinellas County Sheriff, argues that he "does not have care, custody, or control over the Petitioner . . . and has no legal authority to effectuate the Petitioner's release. (Doc. 8) at 2. Portillo "does not oppose dismissal of Sheriff Gualtieri as a respondent on that basis." Reply (Doc. 17) at 2. But the federal government respondents and Portillo agree that her transfer does not defeat this Court's jurisdiction over the habeas petition altogether. *See* Resp. at 3; Reply at 2.

## II.   ANALYSIS

The federal respondents contend that Portillo's petition should be dismissed as "premature if not wholly unwarranted" because Portillo has not sought (and does not request) the only relief she is presently entitled to: a bond hearing before an immigration judge. Resp. at 3–4. And Portillo remains free

3

to do so "at any time." *Id.* at 3. Portillo responds that the government "misapprehends both the exhaustion doctrine applicable to § 2241 petitions and the nature of the claims actually pled," which include a constitutional challenge that Portillo states cannot be raised in a bond hearing. *See* Reply at 2–3. Only Portillo misapprehends the relevant framework and exhaustion requirement.

I start with the INA and regulatory provisions relevant to Portillo's detention. In *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, the Eleventh Circuit elucidated the INA's "three general pathways to detain an alien," explaining that "[8 U.S.C.] § 1226 applies to aliens unlawfully in the interior," as opposed to aliens seeking entry at the border. 175 F.4th 1258, 1262, 1276 (11th Cir. 2026). And where Section 1226 applies, aliens "are generally entitled to a review of their custody determination (including whether they may be released on bond) at a hearing before an immigration judge." *Id.* at 1263 (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)(1)). Because Portillo was detained as someone "unlawfully in the interior," *id.* at 1276, she is entitled to a bond hearing, which she may request orally or in writing, 8 C.F.R. § 1003.19(b). Portillo may then appeal the immigration judge's decision to the Board of Immigration Appeals (BIA). *See id.* §§ 1003.1(b)(7), 1003.19(f).

Ordinarily, a petitioner must exhaust this kind of administrative remedy

4

before filing a Section 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. *See id.* at 474–75. Because a bond hearing provides adequate procedure, the "comfortable majority position" remains that a habeas petitioner is entitled only to a bond hearing, not immediate release. *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026) (quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025)). Thus, I conclude that Portillo "has failed to exhaust [her] administrative remedies because [she] has not requested a bond redetermination before an immigration judge." *Ordonez v. Warden, Fla. Baker Corr. Inst.*, No. 3:26-CV-1447-MMH-MCR, 2026 WL 1784778, at *1 (M.D. Fla. June 22, 2026).

Portillo does not disagree that Section 1226(a) applies or that she is entitled to a bond hearing but instead argues that she need not exhaust such review before seeking release under Section 2241. *See* Reply at 3. According to Portillo, "well-recognized exceptions" obviate the administrative exhaustion requirement "where pursuing administrative review would occasion undue prejudice because of unreasonable delay, where the administrative body is not

empowered to grant effective relief on the claim presented, or where the claim raises a purely legal or constitutional question outside the competence of the agency to resolve." *Id*. None of these exceptions hold water here.

First, Portillo does not persuade that a bond hearing will inject any additional delay. Portillo could have requested a hearing at any time during her month-long detention yet has chosen not to do so. In fact, the government represents that Portillo was scheduled to appear remotely before an immigration judge as recently as July 10, 2026. *See* Resp. at 2; (Doc. 14-1).

Second, Portillo is mistaken that the prescribed hearing "does not reach and cannot remedy [her] actual claim," at least insofar as she suggests that kind of redress is available in a Section 2241 proceeding. *See* Reply at 3. Portillo "seeks immediate release because, on the specific and undisputed facts of her apprehension, her detention is not a legitimate exercise of the discretionary authority conferred by 8 U.S.C. § 1226(a)," and is arbitrary under the Fifth Amendment. Reply at 4–5. Of course, an immigration judge has the discretion and authority to order Portillo released on bond. *See* 8 C.F.R. § 236.1(d)(1); *see, e.g.*, *Vallejo v. Dir., U.S. DHS ICE ERO Miami Field Off.*, No. 25-62148-CIV, 2026 WL 1801095, at *1 (S.D. Fla. June 17, 2026) (noting that an immigration judge ordered the Section 1226(a) detainee released on bond). Insofar as Portillo claims that a bond hearing will not "adjudicate whether the

6

initial seizure and ongoing detention were lawful to begin with," neither can this habeas proceeding. *See* Reply at 4. "Habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Cabeza Porras v. Warden, Fla. Soft-Sided Facility*, No. 2:26-CV-1606-KCD-KRH, 2026 WL 1615284, at *1 (M.D. Fla. June 5, 2026) (citation modified); *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"). That Portillo questions the propriety of her arrest and initial detention because *she* called the police to report a car accident is of no moment to the lawfulness of her ongoing detention under Section 1226(a).

Finally, to the extent that Portillo claims that she must be released because ICE "identifies no individualized justification for detaining [her]," she overlooks that the bond hearing is designed to specifically address these factors. Reply at 4. Ultimately, "[t]he discretionary bond framework under § 1226(a) requires a bond hearing to make an individualized custody determination as to the applicant's risk of flight or dangerousness." *Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *4 (S.D. Fla. Oct. 15, 2025). And if it becomes relevant for the immigration judge or the BIA, on appeal, to

consider statutory or constitutional arguments that Portillo would rather raise here, the agency "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." *Ordonez*, 2026 WL 1784778, at *1 (quoting *Garcia v. Garland*, 73 F.4th 219, 230 n.7 (4th Cir. 2023)); *see Stevens v. Osuna*, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)). Portillo may not seek habeas relief as a vehicle to circumvent this administrative review of her detention.

## III.   CONCLUSION

Portillo is entitled to a bond hearing before an immigration judge to challenge her detention but has failed to pursue one. Absent exhaustion of this administrative remedy, Portillo cannot demonstrate a violation of the Constitution or federal law that is cognizable or would necessitate her release. Accordingly, it is **ORDERED:**

1.    Portillo's Emergency Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED.**

2.    The Clerk is directed to **TERMINATE** any pending motions or deadlines and to **CLOSE** the case.

**ORDERED** in Tampa, Florida, on July 17, 2026.

Kathryn Kimball Mizelle
United States District Judge