**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DANIELA GUACUTO PORTILLO,

Petitioner,

v. Case No. 8:26-cv-1718-KKM-LSG

BOB GUALTIERI, in his official Capacity as Sheriff of Pinellas County, Florida, et al.,

Respondents.

---

**ORDER**

Petitioner Daniela Guacuto Portillo is a Venezuelan national who was apprehended by law enforcement in Florida and is currently detained by U.S. Immigration and Customs Enforcement (ICE) in Louisiana. *See* (Doc. 15). I denied Portillo's petition for a writ of habeas corpus because she failed to exhaust administrative remedies. *See* Order (Doc. 18). Portillo moves under Rules 59(e) and 60(b) to alter or amend the judgment, Mot (Doc. 19), and the federal respondents oppose,[1] Resp. (Doc. 21). Based on developments identified

[1] Pinellas County Sheriff Bob Gualtieri claims that he is no longer a proper respondent because Portillo is not in his custody. *See* Gualtieri Resp. (Doc. 22). I agree and do not find Portillo's belated arguments to the contrary persuasive. *See* Order at 3; Portillo Reply (Doc. 17) at 2 (previously conceding that she "does not oppose dismissal of Sheriff Gualtieri as a respondent").

in the parties' briefing, I direct the government to respond to the merits of Portillo's habeas petition.

Portillo entered the United States on February 23, 2022, without inspection, Pet. (Doc. 1) ¶ 11, and the Department of Homeland Security issued her a Notice to Appear alleging that she is removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), *see* (Doc. 1) at 11. On June 8, 2026, ICE detained Portillo. Pet. ¶¶ 16–24; Form I-247 (Doc. 21-4); Form I-203 (Doc. 21-5). Portillo then petitioned this Court for immediate release and moved for an order preventing her transfer outside of the Middle District of Florida. Pet. ¶¶ 26–44; *see* Mot. for TRO (Doc. 2). Portillo explicitly declined to "seek a bond hearing or any alternative custody process in th[e] action." Pet. ¶ 42.

On June 13, 2026, I denied Portillo's motion for a temporary restraining order "[b]ecause a bond hearing is—at most—all that [she] is potentially entitled to receive under the INA." (Doc. 6) at 4. On June 17, ICE transferred Portillo to a processing center in Louisiana and placed her removal proceedings on the "Oakdale docket." Resp at 7; Corrected Form I-830 (Doc. 21-2).

I then denied Portillo's habeas petition because the " 'comfortable majority position' remains that a habeas petitioner [detained under 8 U.S.C. § 1226(a)] is entitled only to a bond hearing, not immediate release." Order at 5 (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-

KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026)). And Portillo never exhausted this remedy despite her entitlement to it under Eleventh Circuit precedent. *See id.* at 5–8; *see Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1261–62 (11th Cir. 2026).

Since then, "an Immigration Judge sitting at the Oakdale Immigration Court in Louisiana categorically denied Petitioner's request for a custody redetermination, holding in full: 'The Court is without authority in the Fifth Circuit to set a bond for respondent; she is an applicant for admission.' " Mot. at 1–2 (quoting IJ Order (Doc. 19) at 20). Portillo has until August 24, 2026, to appeal to the Board of Immigration Appeals. *See* Mot. at 5.

In the light of the immigration judge's decision and two other alleged discoveries, a scrivener's error in Portillo's transfer paperwork and a violation of ICE's forty-eight-hour detainer directive, Portillo moves to alter or amend the judgment under Rule 59(e), or, in the alternative, for relief under Rule 60(b)(2), (3), and (6).[2] *See* Mot. Specifically, Portillo asks that I amend the order "to hold that exhaustion of a bond redetermination is excused as futile," and order her immediate release. Mot. at 13. In the alternative, Portillo requests "an individualized custody hearing at which the Government bears the burden

[2] Portillo also filed a reply without seeking leave in violation of Local Rule 3.01(e). *See* (Doc. 23). I therefore do not consider the reply.

of justifying continued detention." *Id.* Although the immigration judge's ruling warrants supplemental briefing, Portillo's arguments regarding the latter two purported discoveries are meritless.

**1. Administrative Exhaustion**

First, Portillo contends that although she "pursued precisely the remedy the Order required," i.e., a bond hearing, "the immigration court held unequivocally that it lacks jurisdiction to grant any relief whatsoever." *Id.* at 2. Thus, Portillo avers that administrative exhaustion is futile. *See id.*

The government concedes that the immigration judge's application of Fifth Circuit precedent "has rendered [Portillo's] request for a discretionary bond review unfruitful," but contends that any fault belongs to Portillo: "had [she] requested a bond review while she remained physically located in the Eleventh Circuit, the precedent binding here would have permitted that one be provided to her." Resp. at 5–6. In any event, the government claims Portillo "remains within the appeal period to seek review of [the immigration judge's] decision," and thus has not fully exhausted her administrative remedy. *See id.* at 6 (citing 8 C.F.R. § 1003.1(b)(7)).

Although Portillo perhaps miscalculated her litigation strategy by not pursuing a bond hearing while detained in Florida, Fifth Circuit precedent renders exhaustion futile as it stands today. In February 2026, the Fifth Circuit held that aliens who enter the United States without inspection,

admission, or parole are "applicant[s] for admission," and are thus "seeking admission" within the meaning of 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). Because Section 1225(b)(2)(A) "unambiguously provides for mandatory detention," the court held that such aliens—like Portillo—are ineligible for bond.[3] *Id.*

Thus, when the government transferred Portillo's removal proceedings to the Oakdale Immigration Court in Louisiana, *see* Corrected Form I-830, the immigration judge applied Fifth Circuit law and concluded that she lacked authority to set bond, *see* IJ Order at 20; *Buenrostro-Mendez*, 166 F.4th at 502. Neither side contends that the immigration judge erred in choosing the applicable law, and her choice appears consistent with the BIA's understanding. *See Matter of Garcia*, 28 I. & N. Dec. 693, 705 (BIA 2023) ("[T]he controlling circuit law in Immigration Court proceedings is the law governing the geographic location of the Immigration Court where jurisdiction vests and proceedings commence or the location of the Immigration Court to which an Immigration Judge has granted a change of venue."). At this point, an appeal to the BIA would be fruitless for Portillo. *See Flora-Torres v.*

[3] On July 2, 2026, during the pendency of Portillo's habeas petition, the Fifth Circuit held that, under the Fifth Amendment, "the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Rodriguez v. Ortega*, 180 F.4th 702, 727–28 (5th Cir. 2026). Days later, the Fifth Circuit voted to rehear the case en banc and vacated the panel opinion. *See Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026).

*Woodall*, No. 3:26-CV-154-JEP-LLL, 2026 WL 1361580, at *1 n.2 (M.D. Fla. May 15, 2026) (finding that "any administrative appeal of the immigration judge's decision would have been futile" under BIA precedent).

Assuming without deciding that the futility of an administrative remedy is not fixed at the time a petitioner files her habeas petition, the government should respond to the merits of Portillo's habeas petition and address whether Portillo's detention violates federal immigration law, *see* Pet. ¶¶ 26-35 (Count I), or the Fifth Amendment, *see id.* ¶¶ 36–41. In doing so, the government should also address "whether Petitioner is detained under § 1226(a) or § 1225(b), [and] whether categorical detention without any individualized custody hearing comports with the Fifth Amendment." Mot. at 12–13. To the extent that Portillo now requests a bond hearing, the government should explain whether I have authority to order such relief in the light of Portillo's detention within the Fifth Circuit.

**2. Form I-830**

Second, Portillo seeks relief from the judgment for newly discovered evidence, contending that the government's initial Form I-830 (which notifies the Executive Office for Immigration Review (EOIR) of the alien's address), "contains material misrepresentations that corrupted the custody record on which this Court relied." Mot. at 2. The scrivener's error does not warrant relief under Rule 60(b) because it did not impact the denial of Portillo's petition.

As relevant here, the government concedes that when it first uploaded the Form I-830 to EOIR's docketing system on June 16, 2026, the form reflected that Portillo was transferred from Florida to Louisiana on June 10, 2026, rather than the actual date of transfer, June 17. *See* Resp. at 10; (Doc. 21-2). But the erroneous document was not even uploaded until June 16, and Portillo offers no "indication that her removal case was prematurely transferred to Louisiana before she was physically transferred there." Resp. at 10. In any event, Portillo's discovery of the scrivener's error changes nothing because I never relied on the erroneous transfer date in denying her petition.

Portillo also identifies no prejudice flowing from the error, instead highlighting issues that are undisputed or irrelevant. She argues that "[j]urisdiction . . . attached upon filing, and Respondents' subsequent transfer could not and did not divest it." Mot. at 10. But the very order Portillo seeks relief from says as much. *See* Order at 3. She also alleges that the respondents removed her to a Circuit "where no immigration judge may grant her a bond at all," Mot. at 10, while ignoring the absence of any "legal impediment to [her] transfer," Resp. at 6. Indeed, I denied Portillo's motion to block her transfer precisely because she disclaimed seeking a bond hearing. *See* (Doc. 6) at 4. Finally, Portillo avers that the government's erroneous "representations shaped the venue of her custody proceedings before this Court ever ruled." Mot.

at 11. She does not elaborate further and thus provides no basis to disturb my ruling.

**3. ICE Detainer**

Finally, Portillo contends—for the first time in this action—that she is entitled to immediate release because she was detained by local law enforcement in the Pinellas County Jail beyond the forty-eight hours authorized by 8 C.F.R. § 287.7. *See* Mot. at 11–12. She asserts that "[c]onfinement of that kind is a Fourth Amendment violation independent of the immigration laws," and is actionable in a habeas petition. *See id.* at 12.

Although the government disputes Portillo's rendition of the timeline based on its competing interpretation of the Form I-203 "booking document" and Form I-247 "detainer," *see* Resp. at 13–14, any factual disagreement is beside the point. As the challenged order explains, "[h]abeas is not a vehicle to redress defects in an initial arrest" or raise Fourth Amendment challenges based on the initial facts of detention. Order at 7 (quoting *Cabeza Porras v. Warden, Fla. Soft-Sided Facility*, No. 2:26-CV-1606-KCD-KRH, 2026 WL 1615284, at *1 (M.D. Fla. June 5, 2026)); *see Espinoza v. Ripa*, No. 6:26-CV-1101-JSS-DCI, 2026 WL 1529378, at *3 (M.D. Fla. June 1, 2026) ("Petitioner does not tie this purported Fourth Amendment violation to his request for immediate release . . . . Nor does he cite any authority to suggest that

Respondents' purported violation of section 287.7 requires such relief."). Because Portillo does not allege that she is *currently* being held by a local law enforcement agency in violation of Section 287.7, she is not entitled to relief from judgment on this basis under Rules 59(e) or 60(b).

At bottom, Portillo does not establish that either the scrivener's error in the Form I-830 or any alleged violation of 8 C.F.R. § 287.7 require that I alter or amend the final order and judgment in this case. But Portillo's futile efforts to obtain a bond hearing after her transfer to Louisiana warrant a response from the government on (1) whether exhaustion attaches at the initiation of a habeas petition under Section 2241, (2) the merits of her habeas petition, and (3) the propriety of her continued detention without an individualized bond hearing.

Accordingly, it is **ORDERED:**

1. No later than **August 17, 2026**, the federal respondents are directed to file a response addressing the merits of Portillo's habeas petition and the related issues identified in this Order.

**ORDERED** in Tampa, Florida, on August 6, 2026.

Kathryn Kimball Mizelle
Kathryn Kimball Mizelle
United States District Judge