**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DANIELA GUACUTO PORTILLO,

Petitioner,

v. Case No. 8:26-cv-1718-KKM-LSG

BOB GUALTIERI, in his official Capacity as Sheriff of Pinellas County, Florida, et al.,

Respondents.

---

**ORDER**

Petitioner Daniela Guacuto Portillo is a Venezuelan national who was apprehended in Florida and is now detained by U.S. Immigration and Customs Enforcement (ICE) in Louisiana pending removal proceedings under Title 8 United States Code, Section 1226(a). Portillo filed a habeas petition seeking immediate release from detention, *see* Pet. (Doc. 1) at 8, which I denied because she failed to exhaust administrative remedies, namely, by not seeking a bond hearing before an immigration judge. *See* Order on Pet. (Doc. 18).

Portillo now moves under Federal Rules of Civil Procedure 59(e) and 60(b) to alter or amend the judgment. Mot. (Doc. 19) at 1; Mot. to Expedite (Doc. 26) at 1. Again, she seeks only immediate release from detention. Mot. at 13; Mot. to Expedite ¶ 3. I previously rejected Portillo's argument that either

the scrivener's error in the Form I-830 or any alleged violation of 8 C.F.R. § 287.7 require that I alter or amend the final order and judgment, *see* Order (Doc. 24), and I ordered the government to respond to the merits of Portillo's habeas petition, *id.*; *see* Resp. (Doc. 25). But before I reach the merits of Portillo's remaining claim for habeas relief, I must ensure that I have jurisdiction over the petition. Because Section 1252(a)(2)(B) bars judicial review for the relief that Portillo seeks—release from a discretionary detention pending a removal hearing under Section 1226(a)—I dismiss the petition for lack of subject-matter jurisdiction.

## I. BACKGROUND

On February 23, 2022, Portillo entered the United States without inspection, *see* Pet. ¶ 11, and the Department of Homeland Security issued her a Notice to Appear alleging that she is removable under 8 U.S.C. § 1182(a)(6)(A)(i). *See* Notice to Appear (Doc. 1) at 11. On June 8, 2026, officers detained Portillo following a traffic accident. Pet. ¶¶ 16–17, 21–23. Claiming that her detention was unlawful under federal immigration law and in violation of the Fifth Amendment, Portillo petitioned this Court for immediate release under Title 28 United States Code, Section 2241. *Id.* ¶¶ 26–44. In so doing, Portillo explicitly disclaimed "seek[ing] a bond hearing or any alternative custody process in th[e] action." Pet. ¶ 42. On June 13, 2026, I

denied Portillo's motion for a temporary restraining order, in part, because Portillo disclaimed the only remedy she might have been entitled to—a bond hearing. Order Denying TRO (Doc. 6) at 4. On June 17, 2026, ICE transferred Portillo to a processing center in Louisiana and placed her removal proceedings on the "Oakdale docket." First Response (Doc. 21) at 3, 7; Corrected Form I-830 (Doc. 21-2).

On July 17, 2026, I denied Portillo's habeas petition because a Section 1226(a) detainee is entitled, at most, to a bond hearing—not immediate release—through a habeas petition. Order on Pet. at 5 (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026)). Because Portillo never exhausted this remedy, I denied the petition. *See id.* at 5–8. After that, Portillo sought a bond hearing, which an immigration judge in Louisiana denied, holding that " '[an immigration judge] is without authority in the Fifth Circuit to set a bond for respondent; she is an applicant for admission.' " Mot. at 1–2 (quoting IJ Order (Doc. 19) at 20). Portillo remains in detention under Section 1226(a) and is scheduled for a removal hearing on September 4, 2026. *See* (Doc. 25-5).

In the light of the immigration judge's denial of a bond hearing, Portillo moves to alter or amend the judgment under Rule 59(e), or, in the alternative, for relief under Rule 60(b)(2), (3), and (6). Mot. at 1. Specifically, Portillo asks

that I amend the order "to hold that exhaustion of a bond redetermination is excused as futile" and order her immediate release from Section 1226(a) detention. Mot. at 13; Mot. to Expedite ¶ 3.[1]

## II. LEGAL STANDARD

In limited circumstances, a court may reconsider a judgment under Federal Rules of Civil Procedure 59(e) and 60(b). *See King v. King*, 69 F.4th 738, 741, nn.2–3 (11th Cir. 2023) (per curiam); *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Yet "at any time," including when a Rule 59 or Rule 60 motion is filed, "[i]f the court determines . . . that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) ("Because [courts] may not proceed without requisite jurisdiction, it is incumbent upon federal courts . . . to constantly examine the basis of jurisdiction, doing so on [their] own motion if necessary.").[2] "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the

---

[1] Although Portillo had requested in her motion, as an alternative remedy to immediate release, "an individualized custody hearing" to require the government to "justify[] continued detention," *see* Mot. at 13, Portillo has since disclaimed that remedy and seeks only "release from custody," Mot. to Expedite ¶ 3; *see also* Pet. ¶ 42 ("Petitioner does not seek a bond hearing or any alternative custody process in this action.").

[2] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

judicial power" in Article III. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (citation modified). And the duty to assess jurisdiction remains no less for habeas corpus challenges to immigration detentions. *See Demore v. Kim*, 538 U.S. 510, 516 (2003). So, I "must determine that [I] have jurisdiction before proceeding to the merits" of non-jurisdictional issues, *see Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam), including exhaustion, *see Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (holding that exhaustion for Section 2241 petitions is not jurisdictional).

## III. ANALYSIS

In general, district courts have jurisdiction to hear habeas petitions under Section 2241. *See Demore*, 538 U.S. at 517 (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 298 (2001)). That presumption "may be overcome by clear and convincing evidence of congressional intent to preclude judicial review." *See Bouarfa v. Mayorkas*, 604 U.S. 6, 19 (2024) (citation modified). And, of course, the best evidence of congressional intent is clear statutory text barring review and thus depriving courts of jurisdiction. *See Kanapuram v. Dir., US Citizenship & Immigr. Servs.*, 131 F.4th 1302, 1307 (11th Cir. 2025) (finding the presumption overcome under Section 1252(a)(2)(B)).

Although neither party grapples with Section 1252(a)(2)(B) and the Eleventh Circuit has not had occasion to address its application to a discretionary Section 1226(a) detention, Congress in Section 1252(a)(2)(B)

unequivocally stripped district courts of jurisdiction to hear habeas petitions that challenge certain discretionary decisions regarding immigration. *See Bouarfa*, 604 U.S. at 19 ("Section 1252(a)(2)(B)(ii) . . . clearly expresses Congress's desire to preclude judicial review."). In relevant part, this statute provides that, "[n]otwithstanding any other provision of law[,] . . . including [S]ection 2241[,] . . . no court shall have jurisdiction to review . . . any other decision or action . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). By expressly listing Section 2241 petitions, Congress provided "a particularly clear statement" that where this bar applies, Section 1252(a)(2)(B) forecloses review—even for habeas petitions. *See Demore*, 538 U.S. at 517.

For the Section 1252(a)(2)(B) bar to apply, the habeas petition must be challenging a "discretion[ary]" "decision or action" authorized "under this subchapter." 8 U.S.C. § 1252(a)(2)(B)(ii). Discretionary decisions are often those that leave the "whether *and* how" to exercise authority to the authorized actor's judgment within legal bounds. *See Kanapuram*, 131 F.4th at 1307. And though magic words are not needed, when "the word 'may,' " is accompanied by a grant of authority, that "*clearly* connotes discretion." *Bouarfa*, 604 U.S. at

13; *see also Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018) ("[T]he word 'may' . . . implies discretion." (citation modified)).

Within the same subchapter as Section 1252(a)(2)(B)(ii), Section 1226(a) permits discretion over the continued detention of an alien awaiting a removal hearing. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1278 (11th Cir. 2026). Section 1226(a) instructs that, following an initial detention, the government "may continue to detain" an alien, who is currently "pending . . . remov[al] " proceedings. This provision thus "grants 'discretion either to detain [an] alien or to release him' " until a decision regarding removal is reached. *See Hernandez Alvarez*, 175 F.4th at 1280 (11th Cir. 2026) (quoting *Nielsen v. Preap*, 586 U.S. 392, 397 (2019)). So "[t]aken together, [Sections] 1252(a)(2)(B)(ii) and [1226(a)] overcome the presumption in favor of judicial review" because Section 1226(a) grants discretion to detain pending a removal hearing and Section 1252(a)(2)(B)(ii) bars review of that determination. *See Kanapuram*, 131 F.4th at 1307.

Of course, Section 1252(a)(2)(B)(ii) reaches further than other overlapping jurisdiction-stripping provisions within Title 8. *See, e.g.*, 8 U.S.C. § 1226(e); *see also Demore*, 538 U.S. at 517 ("Section 1226(e) contains no explicit provision barring habeas review."). But nothing in those other provisions, including Section 1226(e), stops Section 1252(a)(2)(B)(ii)'s

unqualified bar from reaching a Section 1226(a) discretionary detention. To start, Section 1252(a)(2)(B)(ii) presents no conflict with Title 8's other overlapping jurisdiction stripping provisions; instead, these overlapping provisions work together to doubly ensure that discretionary determinations remain insulated from judicial review. *See Atl. Richfield Co. v. Christian*, 590 U.S. 1, 14, n.5 (2020) (explaining that redundancies make clear that a particular textual command be followed). But even if Section 1252(a)(2)(B)(ii) implicitly conflicted with another jurisdictional bar, Section 1252(a)(2)(B)(ii)'s unqualified "notwithstanding any other provision of law" clause mandates that any other conflicting provision give way, even if that provision would ordinarily control as the more specific statute. *See Ginsburg v. United States*, 17 F.4th 78, 85 (11th Cir. 2021) ("[T]he use of . . . a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions." (quoting *Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993)). In other words, wherever Section 1252(a)(2)(B)(ii)'s text reaches, "no court shall have jurisdiction."

Because Portillo's petition challenges a discretionary detention under Section 1226(a), Section 1252(a)(2)(B)(ii) bars review. ICE is currently exercising its lawful discretion to detain Portillo under Section 1226(a) pending a September 4, 2026 hearing. Resp. at 2, 5. The decision to detain Portillo for

a few months pending a removal hearing falls well within any constitutional limits on that discretion too. *Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a post-removal determination detention lasting less than six months is presumptively constitutional). Portillo petitions only for "release from" discretionary Section 1226(a) "custody." Pet. ¶ 42; Mot. to Expedite ¶ 3. I lack jurisdiction to consider that petition under Section 1252(a)(2)(B)(ii), though, because a Section 1226(a) detention rests with ICE's discretion. *See Kanapuram*, 131 F.4th at 1309.

To be clear, assuming that ICE constrained its discretion through its regulations by mandating that Section 1226(a) detainees receive a bond hearing, Section 1252(a)(2)(B) might not bar jurisdiction had Portillo petitioned for relief through a bond hearing or a "custody determination" hearing. *See Hernandez Alvarez*, 175 F.4th at 1263; *Kanapuram*, 131 F.4th at 1308 ("[W]ere [the government] to violate its own binding regulations . . . those actions might be reviewable" under Section 1252(a)(2)(B)(ii)).[3] Yet, Portillo has

[3] Although the Eleventh Circuit has assumed that ICE constrained its discretion through regulations, *see Hernandez Alvarez*, 175 F.4th at 1263 (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)(1)); *Kanapuram*, 131 F.4th at 1308, it is far from clear that the best reading of the regulations that *Hernandez Alvarez* cites constrains an immigration judge's discretion to order a bond hearing or a custody determination hearing. Specifically, 8 C.F.R. § 1236.1(d)(1) explains that the alien may "request amelioration" of detention and empowers the immigration judge to "exercise the authority" granted under Section 1226(a), the powers of which are entirely

disclaimed that remedy, so I need not decide whether Section 1252(a)(2)(B) bars jurisdiction in that context.[4] Pet. ¶ 42; Mot. to Expedite ¶ 3. And because Portillo only challenges ICE's discretionary determination, I lack jurisdiction as to that claim for relief.

## IV. CONCLUSION

Because I lack subject-matter jurisdiction to grant Portillo release from her discretionary Section 1226(a) detention pending a removal hearing under Section 1252(a)(2)(B), I dismiss the petition without prejudice. Accordingly, the following is **ORDERED**:

1. Portillo's petition for immediate release from detention is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.
2. Portillo's motion (Doc. 19) is **GRANTED IN PART AND DENIED IN PART** insofar as the original judgment dismissed

---

discretionary. Regardless, because Portillo disclaims any such hearing and seeks only release from detention, *see* Mot. to Expedite ¶ 3, which is implemented "at [ICE's] discretion pending removal proceedings," *see Hernandez Alvarez*, 175 F.4th at 1278, Section 1252(a)(2)(B)(ii)'s bar remains.

[4] Portillo has consistently disavowed wanting habeas relief in the form of a bond hearing before an immigration judge—from the start, she has contended that she wants full release from detention. Pet. ¶ 42; Mot. to Expedite ¶ 3. To the extent that she seeks ultimate habeas relief in the form of this motion to alter or amend the judgment, I agree with her that exhaustion is now futile in the light of her location and presents no obstacle to addressing the merits. For the reasons explained in this order, though, Section 1252(a)(2)(B)(ii) bars jurisdiction over her habeas petition.

the petition for failure to exhaust and this judgment dismisses the petition for lack of subject matter jurisdiction.

3. The Clerk is directed to **ENTER JUDGMENT**, which shall read, "This case is dismissed without prejudice."
4. The Clerk is further directed to **TERMINATE** all deadlines, pending motions, and hearings, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 28, 2026.

Kathryn Kimball Mizelle
United States District Judge